IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv311

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| Vs. | ) ) |
| PROPAK LOGISTICS, INC., | ) ) ) |
| Defendant. | ) ) ) |

MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the court upon defendant's Motion to Dismiss. Having carefully considered defendant's Motion to Dismiss and reviewed the pleadings, including plaintiff's Response and defendant's Reply, the undersigned enters the following findings, conclusions, and Recommendation.

**FINDINGS AND CONCLUSIONS**

**I.    Nature of the Case**

In this action, the Equal Employment Opportunity Commission (hereinafter the "EEOC") brings an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, contending that defendant engaged in unlawful

1

employment practices based on national origin. More specifically, plaintiff contends that defendant discriminated against persons who were *not* Hispanic by refusing to hire non-Hispanic persons. Complaint, at p. 1. Put another way, plaintiff contends that defendant would only hire applicants who were Hispanic. <u>Id.</u>

Of relevance to defendant's Motion to Dismiss is the alleged time frame of the purported unlawful practices. Plaintiff contends that from at least October 1, 2002, through June 30, 2004, defendant engaged in unlawful employment practices by refusing to hire a class of non-Hispanic individuals for non-management positions at the Wal-Mart Distribution Center in Shelby, North Carolina. Complaint, at ¶ 7. Plaintiff contends that such practice violated 42, United States Code, Section 2000e-2(a)(1).

## II. Defendant's Motion to Dismiss

Defendant has moved in accordance with Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss this action based on laches and failure to make sufficient allegations to state a claim for relief under Title VII that is plausible on its face. The thrust of defendant's laches argument is that in waiting nearly seven years to file this action after the EEOC became aware on January 2, 2003, of the alleged unlawful practice, plaintiff has prejudiced defendant's ability to defend this action as it has ceased operations at such location and key witnesses are no longer in defendant's

employ.

## III. Rule 12(b)(6): Applicable Standard

In reviewing the respective briefs of the parties, it appears that there is a misapprehension as to the standard applicable to Rule 12(b)(6) motions in light of recent Supreme Court decisions. The undersigned will, therefore, attempt to clarify what has been a sweeping change to Rule 12(b)(6). In the substantive discussion which follows, the undersigned will discuss relevant cases applying such recent Supreme Court decisions to discriminations claims brought by individuals as well as a similar complaint brought by this plaintiff in another district.

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that the plaintiffs could prove *no set of facts* which would support their claim and entitle them to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts standard" has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would

improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombley, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Ashcroft, the Court held that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained

that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint fall short of the plausibility standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability . . . ." Id.

While the court accepts plausible factual allegations made in the Complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

As reflected above in the discussion of the allegations of the Complaint herein, the court has accepted as true all of the factual allegations contained in the Complaint, and, as well, will identify "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft, supra, at 1950. See Complaint, at ¶¶ 8-10 (legal conclusions not entitled to the assumption of truth). As reflected

below, the court has assumed the veracity of any well-pleaded factual allegations "and [will] then determine whether they plausibly give rise to an entitlement to relief." Id. (alteration added).

IV.   **Discussion**

Two very distinct grounds for dismissal have been set forth. First, defendant contends that the doctrine of laches requires dismissal of this action. Second, defendant contends that the scant factual allegations contained in the five-page Complaint do not state a claim to relief that is *plausible* on its face. The undersigned will address each argument *seriatim*.

A.   **The Doctrine of Laches**

Defendant contends that plaintiff became aware of the alleged unlawful unemployment practice on January 2, 2003, when an employee of defendant filed a charge of discrimination against defendant with the EEOC alleging his employment was terminated because he was not Hispanic. Memorandum in Support, at 2. Defendant further contends that plaintiff issued its determination letter on such charge on September 29, 2008, and issued a notice of conciliation failure on October 14, 2008, but did not file this civil action until August 28, 2009, which was six years, seven months, and 10 days after the initial charge of discrimination was filed. Defendant contends that it closed it facility in Shelby in 2008 and that the two people

responsible for employment decisions during the relevant period have not been in defendants employ since 2005 and 2006, respectively. Further, defendant argues that in waiting so long to file suit, plaintiff has needlessly exposed defendant to increased liability for back pay. In its reply, defendant further points to lengthy, unexplained gaps in the time line of the investigation provided by the EEOC, which defendant argues are inexcusable periods of neglect that resulted in undue prejudice to its ability to defend against this action.

There is no statute of limitations applicable to an action brought by the EEOC under Title VII. <u>Occidental Life Ins. Co. v. EEOC</u>, 432 U.S. 355 (1977). The Court of Appeals for the Fourth Circuit has long held, however, that the lack of a statute of limitations does not provide the EEOC with an unfettered ability to file civil actions without regard to time:

> Noting that Congress was aware of the delays caused by a burdensome workload when it assigned additional duties to the commission in 1972, the Court concluded that Congress did not intend that state limitations statutes should be applied. 432 U.S. at 366-72, 97 S.Ct. 2447. The Court recognized, however, that despite the protections afforded during the administrative phase of the proceedings, a potential defendant might be prejudiced by the commission's inordinate delay. In such cases, it observed, federal courts have ample power to limit the relief to which the commission is entitled. It stated:
>
>> This Court has said that when a Title VII defendant is in fact prejudiced by a private plaintiff's unexcused conduct of a particular case, the trial court may restrict or

7

even deny back pay relief. . . . The same discretionary power "to locate 'a just result' in light of the circumstances peculiar to the case," . . . can also be exercised when the EEOC is the plaintiff.

432 U.S. at 373, 97 S.Ct. at 2458. These principles govern the case now before us. Equal Employment Opportunity Commission v. American Nat. Bank, 574 F.2d 1173, 1175 (4th Cir. 1978). In American Nat. Bank, the appellate court affirmed the applicability of the doctrine of laches to actions filed by the EEOC, but reversed the decision of the district court which dismissed the Complaint based on lost evidence. The appellate court held in relevant part:

> Applying Occidental, we conclude that the district court should not have dismissed the commission's suit. Whether the commission's delays caused prejudice that will justify a limitation of the relief which the district court should decree can best be considered after the facts have been fully developed, if the commission ultimately prevails. *Cf. EEOC v. Airguide Corp.*, 539 F.2d 1038, 1042 n. 7 (5th Cir. 1976); *EEOC v. General Electric Co.*, 532 F.2d 359, 371-72 (4th Cir. 1976).

Id., at 1176. As in this case, the EEOC did not file its civil complaint alleging a pattern or practice of employment discrimination until "nearly seven years after the charge had been filed . . . ." Id., at 1175.

Somewhat more recently,[1] in EEOC v. Peterson, Howell & Heather, Inc., 702 F.Supp. 1213 (D.Md. 1989), the district court addressed a delay of some 63 months

---

[1] There are very few reported decisions in the courts of the Fourth Circuit that address laches in the context of civil actions brought by the EEOC.

between the initial charge of discrimination by an employee and the EEOC bringing a civil action alleging a pattern and practice of race and gender discrimination. The court recognized that where a laches defense is established, the court is not limited to dismissal of the action, but may consider an appropriate and just remedy:

> Where a defendant has been successful in establishing a laches defense, courts have exercised their traditional equitable powers in Title VII actions to dismiss entire cases, *see EEOC v. Dresser Industries, Inc.*, 668 F.2d 1199 (11th Cir.1982); *EEOC v. Alioto Fish Co.*, 623 F.2d 86 (9th Cir.1980); *EEOC v. Liberty Loan Corp.*, 584 F.2d 853 (8th Cir.1978); *EEOC v. Martin Processing, Inc.*, 533 F.Supp. 227 (W.D.Va.1982); *EEOC v. Bray Lumber*, 478 F.Supp. 993 (M.D.Ga.1979), or certain claims, *see EEOC v. Westinghouse Electric Corp.*, 592 F.2d 484 (8th Cir.1979), or restrict the damages available to the plaintiff, *see EEOC v. American Machine & Foundry, Inc.*, 13 FEP Cases 1634 (M.D.Pa.1976).

Id., at 1220. The Peterson court went on to hold that "[t]o be successful in establishing a laches defense, the defendant must establish unreasonable or unexplained delay in bringing proceedings and resulting prejudice to the defendant." Id. (citation and corresponding quotation marks omitted).

In Peterson, wherein the defense of laches was addressed in the context of a summary judgment motion, the district court reviewed each period of delay and ascribed such either to the EEOC or the employer. Striking are the similarities in some of the explanations and delays, as well as the length of Complaint, in Peterson and this action:

> The EEOC has offered no explanation for the delays aside from its contention that the investigative case logs indicate continuous case activity throughout the period and that the nine and a half month gap between failure of conciliation and commencement of suit was not an inordinate amount of time to prepare a litigation recommendation for a complex pattern and practice suit. The Court will note that the nine and a half months culminated in a complaint couched in very general terms which totaled a little more than three pages.

Id., at 1221. Finding no issue of fact as to the chronology of the investigation and the filing of the civil action, the Patterson court determined that whether such delay was inexcusable was a question of law for the court, id., at 1222, and that defendant was able to demonstrate as a matter of law that the delays were "inexcusable and unreasonable." Id.

The court went on to hold that inexcusable delay was but one element of the defense of laches, and that it was defendant's burden to prove that

> they suffered prejudice as a result of the delay. Generally, the issue of undue prejudice relates to whether the defendant has been crippled in its ability to succeed on the merits at trial. The " 'classic elements' of undue prejudice include unavailability of witnesses, changed personnel, and the loss of pertinent records." *Dresser Industries, Inc.*, 668 F.2d at 1203.
> Prejudice is not restricted, however, to a defendant's ability to succeed on the merits. Where a defendant faces unfairly accentuated potential monetary damages directly attributable only to a plaintiff's unreasonable delays, that defendant suffers an even more palpable prejudice than the difficulty of defending itself at trial. *See Lingenfelter v. Keystone Consolidated Industries, Inc.*, 691 F.2d 339, 342 n. 2 (7th Cir.1982) ("[l]aches applies to protect a defendant not only from diminished likelihood of success on the merits at trial, but also *1223 from unfairly accentuated damages occasioned only by a plaintiff's

unreasonable delays"). Increased back pay liability has long been treated by courts as a factor to consider in evaluating prejudice to the defendant. *See Dresser Industries, Inc.*, 668 F.2d at 1204 n. 13; *Alioto Fish Co.*, 623 F.2d at 89.

Id., at 1222 -1223. Finding laches, the district court dismissed all claims for back pay, but allowed all claims for injunctive and affirmative relief to go forward. The court held:

> The Court concludes that the prejudice the defendants suffered is not of sufficient magnitude to warrant dismissal of the entire action. Although there has been substantial turnover among departmental decision makers and memories have dimmed among those decision makers who remain in the defendants' employ, the defendants have been obligated, either as a matter of necessity or federal regulation, to maintain their personnel records at least since 1977. Moreover, the defendants have indicated their intention to utilize statistical evidence in their defense of this pattern and practice suit. Because such evidence is not dependent on the availability and memories of witnesses, the defendants will be capable of preparing a defense.

Id., at 1224.

Turning now to the Motion to Dismiss based on the doctrine of laches in this case, defendant does not argue that its two managerial employees are "unavailable," but instead argue that they are no longer in their employ. Whether they are willing or unwilling witnesses cannot be determined at this time as discovery has not commenced, which raises a salient point. In both American Nat. Bank and Peterson, the respective courts discussed the timing of the court's consideration of the defense

of laches: "Whether the commission's delays caused prejudice that will justify a limitation of the relief which the district court should decree <u>can best be considered after the facts have been fully developed</u>, if the commission ultimately prevails." <u>American Nat. Bank</u>, <u>supra</u>, at 1176 (citation omitted; emphasis added); "a district court should not decide whether EEOC delays have caused prejudice to a defendant until all the facts have been developed." <u>Peterson</u>, <u>supra</u>, at 1224. In this case, no facts have been developed as no answer has been filed and discovery cannot commence until issues join. <u>See</u> L.Cv.R. 16.1. While defendant has clearly shown that defendant's relevant managerial employees are no longer under defendant's "control," whether they are "available" to testify will not be susceptible to determination until they are subpoenaed for deposition.

While defendant may well be well on its way to showing laches, it is simply not possible for a court to resolve a laches defense prior to discovery or to make an informed decision as to a just and appropriate remedy. Careful review of current case law requires the undersigned to recommend that defendant's Motion to Dismiss based on laches be denied without prejudice as to asserting the doctrine of laches as an affirmative defense in defendant's Answer and, thereafter, reasserting the substance of such motion "after the facts have been fully developed." <u>American Nat. Bank</u>, <u>supra</u>.

**B.     Stating a Plausible Claim**

Defendant next argues that the plaintiff has failed to state a claim against it that is plausible on its face.  Application of the decisions in Twombly, supra, and Iqbal, supra, is especially challenging to complaints brought by the EEOC inasmuch as nearly identical complaints have routinely passed muster prior to such decisions.  In an unpublished decision issued earlier this year by the Court of Appeals for the Fourth Circuit, which was post-Twombly but pre-Iqbal, the appellate court held as follows:

> An employment discrimination claim need not include specific facts establishing a *prima facie* case of discrimination to survive a Rule 12(b)(6) motion, but "instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting Fed.R.Civ.P. 8(a)(2)). A plaintiff's statement of her claim "need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citations and internal quotes omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, ----, ----, 127 S.Ct. 1955, 1965, 1974, 167 L.Ed.2d 929 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200 (citations omitted).
>
> * * *
>
> Ray was not required to plead specific facts establishing a prima facie case of discrimination in her complaint, let alone to plead facts showing that the non-discriminatory reason for termination suggested by her own complaint was pretextual. Ray was required only to state her claim so as to give the defendants fair notice of its nature and the grounds upon which it rests, with enough factual allegations to state a claim to relief

that is plausible, not merely speculative.

Ray v. Amelia County Sheriff's Office, 2008 WL 5155257, 1 (4th Cir. 2008).[2] While the complaint need not contain all of the facts relating to the case, the plaintiff must allege enough facts that satisfy all the elements of a claim. Prince-Garrison v. Maryland Dept. of Health and Mental Hygiene, 317 F. App'x 351, 353 (4th Cir. 2009).

While the undersigned was unable to find an appellate decision post-Twombly and Iqbal addressing the plausibility requirement to a similar pattern and practice complaint filed by the EEOC, the undersigned found a recent district court decision in EEOC v. Scrub, Inc., 2009 WL 3458530 (N.D. Ill. 2009), which, while not binding, is instructive. In Scrub, the EEOC filed a civil action alleging, *inter alia*, that the employer had engaged in a pattern or practice of failing or refusing to recruit or hire African Americans because of their race and national origin.[3] The district court held, as follows:

> Scrub argues the complaint should be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Scrub contends the complaint is conclusory and contains no supporting facts. *Ashcroft v. Iqbal*, --- U.S.

---

[2] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

[3] As in this case, defendant moved to dismiss based on laches, but the district court denied that motion as "premature" inasmuch as discovery had only recently commenced and the factual record had not been developed. Id., at 1.

----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Scrub overstates federal pleading requirements. Iqbal and Twombly did not repudiate general notice-pleading. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir.2009). Specific facts are unnecessary; the complaint need only provide a short and plain statement giving Scrub fair notice of the nature and basis of the claim. Fed.R.Civ.P. 8(a)(2); *Twombly*, 550 U.S. at 555. This requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Iqbal*, 129 S.Ct. at 1949. Factual allegations must be sufficient to state a claim to relief that is plausible on its face, rather than merely speculative. *Id.*; *Twombly*, 550 U.S. at 555, 569. In resolving a Rule 12(b)(6) motion, well-pleaded allegations are accepted as true, and reasonable inferences are drawn in plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008).

<u>Id.</u> The district court went on to find as follows:

>The EEOC alleges Scrub engaged in a pattern or practice of failing or refusing to recruit or hire African Americans because of their race and national origin. Id. The EEOC may prove a widespread practice of disparate treatment through a pattern or practice of discrimination-because racial discrimination was Scrub's standard operating procedure. *Mozee v. Am. Commercial Marine Serv. Co.*, 940 F.2d 1036, 1051 (7th Cir.1991). A prima facie case of pattern or practice discrimination may be established through a combination of strong statistical evidence of disparate impact and anecdotal evidence of the employer's intent to treat the protected class unequally. *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336-43, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); *Mozee*, 940 F.2d at 1051. Scrub challenges the EEOC's failure to plead supporting pattern or practice evidence. The manner of proof is distinct from pleading requirements. An employment discrimination plaintiff must satisfy notice-pleading requirements; specific facts establishing a prima facie case of employment discrimination are not required. *Twombly*, 550 U.S. at 570; *Swierkiewiez v. Sorema N.A.*, 534 U.S. 506, 514-15, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). The complaint states a plausible disparate treatment claim, and provides sufficient notice for Scrub to investigate and defend.

Id., at 2. In this case, plaintiff has alleged that:

> From at least October 1, 2002, through June 30, 2004, Defendant engaged in unlawful employment practices by refusing to hire a class of non-Hispanic individuals for non-management positions at a Wal-Mart Distribution Center in Shelby , North Carolina based on their national origin, non-Hispanic, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1). Specifically, Defendant engaged in a pattern or practice of discriminatory hiring during the stated time period by predominantly hiring Hispanic applicants to fill vacant, available positions to the exclusion of similarly or more qualified non-Hispanic applicants, thereby denying non-Hispanic applicants employment based on their national origin.

Complaint, at ¶ 7. Such allegation clearly provides defendant with the "who, what, when, and where," providing defendant with sufficient notice to investigate and defend against this claim. The "why and how" can be addressed, as they typically are, through discovery. Plaintiff has satisfied Twombly and Iqbal by stating a claim that is plausible on its face.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion to Dismiss

(1) based on the doctrine of laches be **DENIED** without prejudice; and

(2) based on failure to state a claim that is plausible on its face be **DENIED** with prejudice.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within ten (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984).

Signed: November 30, 2009

*[Signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge