# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv311

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )    **ORDER** |
| PROPAK LOGISTICS, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss Plaintiff EEOC's Complaint [Doc. 4].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider this motion and to submit recommendations for its disposition.

In November 2009, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended denying the motion to dismiss based on laches without prejudice to renewal and denying the motion to

1

dismiss for failure to state a claim with prejudice to renewal. [Doc. 11]. The Defendant timely filed objections.

## PROCEDURAL & FACTUAL BACKGROUND

The Equal Employment Opportunity Commission (EEOC) initiated this action in August 2009 alleging that the Defendant discriminated against a class of applicants for employment by refusing to hire them based on their national origin, non-Hispanic. [Doc. 1]. The action was brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. [Id., at 1]. The EEOC alleged that the Defendant was an Arkansas corporation doing business "[a]t all relevant times" in Shelby, North Carolina. [Id., at 2]. It also alleged that "Charge Number 140-2003-00412" had been filed with the EEOC alleging Title VII violations by the Defendant.[1] [Id.]. A copy of the charge was not attached to the Complaint. The purported violations occurred "from at least October 1, 2002 through June 30, 2004," during which time the Defendant allegedly refused to hire non-Hispanic persons for non-management positions at a Wal-Mart Distribution Center in Shelby, North Carolina. [Id.]. These "unlawful employment practices" were alleged to be intentional and done with malice and reckless indifference to the

---

[1] The identity of the employee making the charge was not disclosed.

"federally protected rights of a class of applicants for employment." [Id., at 3]. No further specification of facts supporting the claims is made. The EEOC sought injunctive relief as well as compensatory damages. [Id., at 3-4].

The Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds of laches and failure to state a claim upon which relief may be granted. [Doc. 4]. The Defendant attached to its motion a copy of the EEOC Charge of Discrimination filed by Michael Quintois on January 2, 2003. [Doc. 4-2]. In that Charge, Quintois alleged:

> I was employed by the [Defendant] in the position of Supervisor, (third shift), over Sorters, Fork Lift Operators, and loading and unloading trailers, until December 30, 2002, when I was discharged from employment. I was the company's only non-Hispanic Supervisor. During my employment I observed that the company was discharging non-Hispanic employees and that the company was hiring only Hispanic employees. I complained to the company about its unlawful employment practices.

[Id., at 2].

Quintois also stated that he believed he was discharged in retaliation for making complaints. [Id.].

The Defendant attached to its motion an affidavit from Leah Hamilton, a human resources manager for the corporation. [Doc. 4-3]. In that affidavit, Hamilton stated that the site managers at the facility in Shelby had been responsible for the hiring decisions for non-managerial positions. [Id., at 3].

3

The site managers at the time were Kathy Ponder, who left employment in July 2005, and Jeremy Gay, who left employment in February 2006. [Id.]. Hamilton also disclosed that the Shelby, North Carolina facility was closed in May 2008 and the Defendant has had no facilities in North Carolina since that time. [Id.].

In its motion to dismiss, the Defendant pointed out that the EEOC did not issue its determination letter until September 2008. [Doc. 5, at 3]. This information was not provided in the Complaint which contained a general allegation that all necessary administrative proceedings had been completed. The Defendant noted that it closed the Shelby facility in May 2008 before the determination letter issued. It also noted that the litigation did not begin until August 2009, over six years after the initial charge was filed in January 2003. [Id., at 2-3]. As a result, the site managers who were responsible for hiring decisions were no longer employed by the Defendant, and even if they could be located, their memories would have faded. [Id., at 4-7]. The EEOC's delay in processing and investigating the charge had allowed any potential award for back pay to unfairly increase. [Id.]. Moreover, the facility's closing rendered moot the injunctive relief sought in this litigation. [Id.].

The Defendant's motion to dismiss was also based on the argument

that the Complaint contains nothing more than unsupported conclusory allegations of discrimination. [Id., at 11]. No specifics related to a practice of hiring only Hispanics is provided; specific employees carrying out such a practice are not identified and no facts are alleged to show intentional conduct. [Id.]. The Defendant also argued that after six years of investigation, such information, if found by the EEOC, should have been included in the complaint.

The EEOC responded to the motion and attached thereto a series of documents, some of which were not referenced in the Complaint. [Doc. 7-3 through Doc. 7-9]. For example, the EEOC filed the affidavit of the EEOC officer who was involved in the investigation of the Quintois charge. [Doc. 7-5]. In that affidavit, the officer explains the delay in investigating and processing the charge and assigns at least some cause for the delay to the Defendant's requests for extensions of time. [Id.]. The EEOC also filed a copy of the Determination letter which provides in pertinent part:

> Charging Party Michael Quintois alleged that Respondent discharged him because of his national origin, American, and in retaliation for complaints about discriminatory employment practices in violation of Title VII. The Commission expanded the scope of the investigation to include an allegation that Respondent failed to hire a class of non-Hispanic applicants for non-managerial positions because of their race and/or national origin, non-Hispanic.

> ...
> The Commission makes no finding as to the allegations contained in Charging Party's Charge of Discrimination as a Notice of Right to Sue was previously issued to Charging Party at his request.

[Doc. 7-7]. It is not disclosed whether Quintois filed suit, but he is not part of this proceeding.

The Determination letter invited the parties to engage in conciliation. [Id.]. An attempt at conciliation failed in October 2008 and the case was transferred to the EEOC's legal unit for a determination as to whether litigation should be brought. [Doc. 7-8]. This lawsuit was filed not quite one year later. The EEOC claimed that it had exercised due diligence in the investigation and no prejudice to the Defendant had been shown warranting the application of laches.

The EEOC also argued against dismissal for failure to state a claim upon which relief may be granted. It stated that the Complaint "clearly alleges enough facts to give Defendant fair notice of the claims and the grounds upon which it rests, and raises a right to relief above a speculative level." [Doc. 7, at 16]. The EEOC noted that a complaint which provides the relevant dates and location where the discrimination occurred is sufficient provided the discriminatory conduct is described. [Id., at 16-17].

The Magistrate Judge recommended denying the motion based on

laches without prejudice until discovery has been completed. [Doc.11, at 12]. He recommended denying the motion based on failure to state a claim with prejudice. [Id., at 13-17]. The Defendant timely filed objections. [Doc. 12]. The Plaintiff filed no objections.

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), *overruled on other grounds* Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478

7

F.3d 616, 621 (4th Cir. 2007), *certiorari denied* 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original). Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id. In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622.

## DISCUSSION

**The Motion to Dismiss for Failure to State a Claim.**

The Court first considers the motion to dismiss for failure to state a claim upon which relief may be granted since, if the motion is granted, the issue of laches is moot. The Defendant objects to the Magistrate Judge's "reliance" on unpublished decisions and the Supreme Court decision in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed. 2d 1 (2002), claiming

the latter has been overruled.[2] The Defendant also objects to the Magistrate Judge's finding that the Complaint satisfies the recent Supreme Court pronouncements concerning Rule 12(b)(6).

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, *i.e.*, the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009), *quoting* Twombly, 550 U.S. at 570.[3]

> [T]he Supreme Court has held that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." To discount such

---

[2]The Magistrate Judge did not "rely" on Swierkiewicz; instead, he cited cases which quoted from that decision. [Doc. 11, at 13, 15]. Moreover, as discussed *infra*, Swierkiewicz has not been overruled on the point for which it was cited.

[3]The Court notes that Francis was not an employment discrimination lawsuit. However, as noted *infra*, the Court finds the complaint satisfies the standards enunciated in Francis.

9

> unadorned conclusory allegations, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." This approach recognizes that "naked assertions" of wrongdoing necessitate some "factual enhancement" within the complaint to cross "the line between possibility and plausibility of entitlement to relief."

Id., *quoting* Twombly, 550 U.S. at 555, 557 and Iqbal, 129 S.Ct. at 1950.

Both parties have submitted materials outside the pleadings. The EEOC charge, the determination letter, and notice of conciliation failure are inherently relied on by the EEOC in its Complaint. It is therefore "proper for the district court to consider it in ruling on the motion to dismiss." Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 195 n. 5 (4th Cir. 2002), *citing* New Beckley Mining Corp. v. Int'l Union, UMWA, 18 F.3d 1161, 1164 (4th Cir. 1994). "[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." Stewart v. Pension Trust of Bethlehem Steel Corp., 12 Fed.Appx. 174, 2001 WL 691028 **1 (4th Cir. 2001); Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (court may consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic"). "[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is

10

referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997); CACI Intern., Inc. v. St. Paul Fire and Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009) (documents submitted by defendant in support of motion may be considered if the complaint explicitly relied on them). The Court, however, has excluded from consideration the other documents and affidavits submitted by the parties. Fed.R.Civ.P. 12(d).

The Supreme Court's recent decisions require the dismissal of a case if the complaint does not appear to have a substantial basis. United States v. Thouvenot, Wade & Moerschen, Inc., 596 F.3d 378, 382 (7th Cir. 2010), *citing* Iqbal, 129 S.Ct. 1937, 173 L.Ed.2d 868, and Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929. They also require the plaintiff to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. The crux of the Defendant's argument is that Twombly and Iqbal now require specific fact pleading in complaints alleging employment discrimination.

The Supreme Court in Swierkiewicz rejected a fact pleading requirement for Title VII employment discrimination. Contrary to the Defendant's assertion,

11

the Supreme Court in Twombly did not overrule that portion of Swierkiewicz but rather reaffirmed the holding as it relates to cases of employment discrimination. Twombly, 550 U.S. at 570.

> "Swierkiewicz did not change the law of pleading, but simply re-emphasized ... that the Second Circuit's use of a heightened pleading standard *for Title VII cases* was contrary to the Federal Rules' structure of liberal pleading requirements." ... [The Supreme Court] reversed [the Second Circuit] on the ground that [it] had impermissibly applied what amounted to a heightened pleading requirement by insisting that Swierkiewicz allege "specific facts" beyond those necessary to state his claim and the grounds showing entitlement to relief.

Id. (emphasis provided). The Supreme Court then noted that in Twombly, which was not a discrimination case, the "plaintiffs [had] not nudged their claims across the line from conceivable to plausible" and the complaint had to be dismissed. Id.

Thus, even after Twombly, an employment discrimination plaintiff is not required to plead specific facts but may rely on notice pleading requirements. Boykin v. KeyCorp, 521 F.3d 202, 212-15 (2nd Cir. 2008). "The Twombly Court made clear that its holding did not contradict the Swierkiewicz rule that a *complaint in an employment discrimination lawsuit [need] not* contain specific facts establishing a *prima facie* case of discrimination." Reed v. Airtran Airways, 531 F.Supp.2d 660, 666 (D.Md. 2008) (emphasis provided);

12

*accord*, Fisher v. Maryland Dept. of Public Safety and Correctional Services, 2010 WL 2732334 **2 n.1 (D.Md. 2010) ("Although the general 12(b)(6) standard used in Swierkiewicz was overruled by Twombly, the analysis [in the context of employment discrimination] remains good law.").[4]

Here, the Complaint contains the allegation that between October 2002 and June 2004, the Defendant had a pattern or practice of discriminatory hiring by "predominantly hiring Hispanic applicants to fill vacant, available positions to the exclusion of similarly or more qualified non-Hispanic applicants[.]" [Doc. 1-1, at 2]. The EEOC has alleged that the Defendant took a specific adverse employment action; that is, intentional discrimination, against qualified applicants and potential applicants based on their national origin. Dolgaleva v. Virginia Beach City Public Schools, 364 Fed.Appx. 820 **6 n.6 (4th Cir. 2010) ("At the pleading stage, however, a complaint of national-origin discrimination need only provide sufficient factual allegations to support the elements of the claim."); Amirmokri v. Abraham, 266 Fed.Appx.

---

[4]This Court has followed the holding of Twombly reaffirming Swierkiewicz in employment discrimination cases. See, King v. United Way of Central Carolinas, Inc., 2010 WL 1958128 (W.D.N.C. 2010). The Defendant relies on a Third Circuit case, Fowler v. UPMC Shadyside, 578 F.3d 203 (3rd Cir. 2009), which the Court declines to follow. In any event, the Third Circuit appears to have receded from its position in Fowler. See, Guirguis v. Movers Specialty Services, Inc., 346 Fed.Appx. 774, 882 n.6 (3rd Cir. 2009) (noting that "the quantum of facts a discrimination complaint should contain may bear further development").

13

274, 885 (4th Cir. 2008), *certiorari denied* 129 S.Ct. 259, 172 L.Ed.2d 147 (2008) (reciting elements of national origin discrimination claim). This sufficiently identifies the nature of the discrimination–failure or refusal to hire because of national origin. Id. The time period involved is alleged. Id.; Swierkiewicz, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed. 2d 1. (complaint alleged the date and circumstances of plaintiff's termination and allegation that employees of other nationalities were treated differently). And, the EEOC may prove this pattern or practice of discrimination through statistical and anecdotal evidence that need not be recited in the complaint. Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324, 336-43, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977); Swierkiewicz, 534 U.S. at 510 (complaint need not state *prima facie* case in order to withstand motion to dismiss).

The Court finds that the Complaint herein provided sufficient notice of the claim and the grounds upon which it is based. As the Fourth Circuit recently noted, "[a]t bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will 'be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Francis, 588 F.3d at 193. Even though after so many years of investigation it would seem greater detail

14

could have been provided, the Court nonetheless concludes that the Complaint is sufficient to comply with Rule 8. The Court therefore rejects the objections and will deny the motion to dismiss.

**The Motion to Dismiss Based on Laches.**

There is no statute of limitations on actions filed by the EEOC. Occidental Life Insurance Co. v. EEOC, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977). If a defendant is prejudiced, however, by the EEOC's unexcused delay in bringing suit, a court may fashion relief pursuant to the doctrine of laches. EEOC v. Navy Federal Credit Union, 424 F.3d 397, 409 (4th Cir. 2005), *certiorari denied* 547 U.S. 1041, 126 S.Ct. 1629, 164 L.Ed.2d 335 (2006).

> Under [Fourth Circuit] precedent, the equitable defense of laches requires a defendant to prove "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." The first element of laches, lack of diligence, is satisfied where a plaintiff has unreasonably delayed in pursuing his claim.

Id.

There is no rule, however, defining an "unreasonable" amount of time for conducting an EEOC investigation. EEOC v. Worthington, Moore & Jacobs, Inc., 582 F.Supp.2d 731, 735 (D.Md. 2008). And as for proof of

prejudice may be shown by such things as the unavailability of witnesses, change in personnel, and the loss of pertinent records. Id.

Both parties have submitted matters outside the pleadings for consideration with this motion and those matters are relevant to the issue of laches.

> If, on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed.R.Civ.P. 12(d).

The Court will therefore deny the motion to dismiss. The Defendant has claimed that discovery is unnecessary to a ruling on the issue of laches because the administrative and/or investigatory record would be sufficient evidence. The Plaintiff has pointed out that the record is not before the Court.

The Defendant may elect to have the motion considered on the current pleadings as a motion for summary judgment or it may submit additional filings. See, E.E.O.C. v. Autozone, Inc., 258 F.Supp.2d 822, 824 n.1 (W.D.Tenn. 2003) (converting motion to summary judgment motion because evidence outside the pleadings submitted). The EEOC will then be provided an opportunity to respond and/or to show why discovery is required prior to a

ruling on the issue of laches. Should the parties agree that discovery should proceed prior to the filing of a motion for summary judgment, they should so notify the Court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss Plaintiff EEOC's Complaint [Doc. 4] is hereby **DENIED** as follows:

1. The motion to dismiss for failure to state a claim upon which relief may be granted is hereby **DENIED**.

2. The motion to dismiss based on laches is hereby **DENIED** without prejudice (a) to the parties to agree that discovery should proceed prior to a disposition of the issue of laches; (b) for the Defendant to elect to have the motion considered on the current pleadings as a motion for summary judgment or (c) to submit additional briefing and evidence. The parties shall advise the Court whether they agree that discovery should proceed prior to the disposition of the issue of laches on or before fifteen (15) days from entry of this Order. If the parties do not so agree, the issue of whether discovery is necessary will be addressed in connection with the motion for summary judgment. The Defendant shall advise the Court whether it elects to proceed on the current record or to

supplement within the same time period.

3. At such time as the parties reach agreement or the Defendant makes its election, a scheduling order will issue.

Signed: August 6, 2010

Martin Reidinger
United States District Judge