**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:09cv311**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| PROPAK LOGISTICS, INC., | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on the Plaintiff's Notice to the Court [Doc. 17] and the Defendant Propak Logistics, Inc.'s Notice to the Court [Doc. 18].

On August 6, 2010, the Court denied the Defendant's motion to dismiss on the ground of laches and issued the following ruling:

> The Defendant has claimed that discovery is unnecessary to a ruling on the issue of laches because the administrative and/or investigatory record would be sufficient evidence. The Plaintiff has pointed out that the record is not before the Court.
>
> The Defendant may elect to have the motion considered on the current pleadings as a motion for summary judgment or it may submit additional filings. See, E.E.O.C. v. Autozone, Inc., 258 F.Supp.2d 822, 824 n.1 (W.D.Tenn. 2003) (converting motion to summary judgment motion because evidence outside the pleadings submitted). The EEOC will then be provided an opportunity to respond and/or to show why discovery is required prior to a ruling on the issue of laches. Should the parties agree

that discovery should proceed prior to the filing of a motion for summary judgment, they should so notify the Court.

[Doc. 16, at 16].

Unfortunately, the parties have been unable to agree on the issue of discovery. The Defendant has elected to move for summary judgment on the issue of laches and desires to supplement the record. Neither party has placed the administrative and/or investigatory record before the Court.

The Court finds that addressing the issue of discovery first may result in greater judicial economy.

**IT IS, THEREFORE, ORDERED** that on or before fifteen (15) days from entry of this Order, the Plaintiff may file response not to exceed five (5) double-spaced pages explaining why discovery is necessary on the issue of laches. The Defendant may then file reply not to exceed five (5) double-spaced pages to that response on or before fifteen (15) days from service thereof. **IT IS FURTHER ORDERED** that within fifteen (15) days from the entry of this Order, the Plaintiff shall file the administrative and/or investigatory record with the Court or shall file explanation not to exceed two (2) double-spaced pages why the same may not be so filed.

Signed: September 3, 2010

Martin Reidinger
United States District Judge