# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv311

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) vs. ) PROPAK LOGISTICS, INC., ) ) Defendant. ) | ORDER |

**THIS MATTER** is before the Court on the parties' Responses [Doc. 20; Doc. 22] to the Court's Order [Doc. 19] concerning discovery on the issue of laches and the filing of the administrative record.

## PROCEDURAL & FACTUAL BACKGROUND

The Equal Employment Opportunity Commission (EEOC) initiated this action in August 2009 alleging that the Defendant discriminated against a class of applicants for employment by refusing to hire them based on their national origin, non-Hispanic. [Doc. 1]. The action was brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. [Id., at 1]. The EEOC alleged that the Defendant, an Arkansas

corporation, was doing business in Shelby, North Carolina and that a charge had been filed by an unidentified employee alleging Title VII violations. [Id., at 2]. A copy of the charge was not attached to the Complaint. The purported violations occurred "from at least October 1, 2002 through June 30, 2004," during which time the Defendant allegedly refused to hire non-Hispanic persons for non-management positions at a Wal-Mart Distribution Center in Shelby, North Carolina. [Id.]. The EEOC sought injunctive relief as well as compensatory damages. [Id., at 3-4].

The Defendant moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. [Doc. 4]. The Defendant argued in the motion that the Complaint contains nothing more than unsupported conclusory allegations of discrimination. [Id., at 11]. No specifics related to a practice of hiring only Hispanics was included in the Complaint; employees carrying out such a practice were not identified and no facts were alleged to show intentional conduct. [Id.]. The Defendant also argued that after six years of investigation, such information, if found by the EEOC, should have been included in the Complaint.

The EEOC responded to the motion and attached to its response a series of documents, some of which were not referenced in the Complaint.

2

[Doc. 7-3 through Doc. 7-9]. Nonetheless, this Court denied without prejudice the Defendant's motion to dismiss for failure to state a claim, holding that even after Bell Atl. Corp. v.Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), an employment discrimination plaintiff is not required to plead specific facts but may rely on notice pleading requirements. [Doc. 16]. The Court found that the allegations of the Complaint sufficiently identified the nature of the discrimination, the grounds on which the discrimination is based and the time period involved. [Id.].

The Defendant also moved to dismiss the action based on the defense of laches. It attached to its motion an affidavit from Leah Hamilton, a human resources manager for the corporation, in which she stated that the site managers at the Shelby facility had been responsible for the hiring decisions for non-managerial positions. [Doc. 4-3, at 3]. The site managers during the time at issue were Kathy Ponder and Jeremy Gay, who left the Defendant's employment in July 2005 and February 2006 respectively. [Id.]. Hamilton also disclosed that the Shelby facility had been closed in May 2008 and the Defendant has had no facilities in North Carolina since that time. [Id.]. The Defendant also pointed out that the EEOC did not issue its determination letter until September 2008, more than three months after the facility had been closed. [Doc. 5, at 3]. The litigation was not begun until August 2009, more

than six years after the initial charge was filed in January 2003. [Id., at 2-3]. As a result, the Defendant argued that the site managers who were responsible for hiring decisions were no longer employed by the Defendant, and even if they could be located, their memories would have faded. [Id., at 4-7]. The Defendant further argued that the EEOC's delay in processing and investigating the charge had allowed any potential award for back pay to unfairly increase. [Id.]. In addition the Defendant asserts that the closing of the facility rendered moot the injunctive relief sought in this litigation. [Id.].

In response, the EEOC filed the affidavit of the EEOC officer who was involved in the investigation of the discrimination charge. [Doc. 7-5]. In that affidavit, the officer explains the delay in investigating and processing the charge and assigns at least some cause for the delay to the Defendant's requests for extensions of time. [Id.]. In October 2008, the case was transferred to the EEOC's legal unit for a determination as to whether litigation should be brought. [Doc. 7-8]. This lawsuit was not filed until almost one year later.

In considering the motion to dismiss based on laches, the Court noted that both parties had submitted matters outside the pleadings for consideration. Because those matters are relevant to the issue of laches, the Court denied the motion to dismiss, citing Federal Rule of Civil Procedure

4

12(d). Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). The Court noted that the Defendant claimed discovery is unnecessary to a ruling on the issue of laches because the administrative and/or investigatory record would be sufficient evidence. The Court further noted the Plaintiff's position that the record has not been placed before the Court.

On September 3, 2010, the Court ordered the EEOC to file a response showing why discovery on the issue of laches is necessary. [Doc. 19]. The Defendant was to advise the Court whether it elected to proceed on a motion for summary judgment. [Id.]. The EEOC was also required to file the administrative record or to file an explanation as to why it could not do so. [Id.]. Those responses are now addressed.

## DISCUSSION

The parties appear to agree that the issue of laches should be resolved prior to further litigation of the case.[1] [Doc. 18, at 2; Doc. 20, at 2]. Although

---

[1] EEOC agrees that based on the current record that the Defendant's motion for summary judgment on the issue of laches should be denied. [Doc. 20 at 2]. As such, the Court takes EEOC's position as one asserting that the laches issue should be resolved at this juncture.

5

there is no statute of limitations on actions filed by the EEOC, if a defendant is prejudiced by the EEOC's unexcused delay in bringing suit, a court may fashion relief pursuant to the doctrine of laches. Occidental Life Insurance Co. v. EEOC, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977); EEOC v. Navy Federal Credit Union, 424 F.3d 397, 409 (4th Cir. 2005), cert. denied 547 U.S. 1041, 126 S.Ct. 1629, 164 L.Ed.2d 335 (2006).

> Under [Fourth Circuit] precedent, the equitable defense of laches requires a defendant to prove "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." The first element of laches, lack of diligence, is satisfied where a plaintiff has unreasonably delayed in pursuing his claim.

Id.

There is no per se rule defining an "unreasonable" amount of time for conducting an EEOC investigation. EEOC v. Worthington, Moore & Jacobs, Inc., 582 F.Supp.2d 731, 735 (D.Md. 2008). Proof of prejudice may include unavailability of witnesses, change in personnel, and the loss of pertinent records. Id. A defendant may assert the defense of laches against the EEOC, as has been done here. Id., at n.8.

In response to the Court's Order, the EEOC has addressed only the issue of prejudice, conceding the delay but claiming that it needs discovery in order to show that the Defendant has not been prejudiced by the delay. The Defendant objects to any discovery, arguing that the EEOC merely intends to

6

further prolong the litigation in order to force settlement.

The Court also required the EEOC to explain why the administrative record has not been filed. The EEOC responded that (1) the record consists of thirty volumes which contain privileged documents;[2] (2) production of the entire record would be cumbersome and burdensome to the EEOC; (3) production of the entire record would be cumbersome to the Court; and (4) the contents of the record would not assist in the disposition of the issue of laches. [Doc. 21]. The EEOC submitted to Chambers and to the Defendant "documents identifying [investigative] activity ... for review, along with a chronology of the activity." [Doc. 21, at 2]. In other words, the EEOC decided which documents within the record to submit. The Defendant contends that the entire contents of the administrative record will be used to prove laches. [Doc. 22]. Importantly, the EEOC concedes that it "will produce any additional non-privileged documents required by the Court without being heard further." [Doc. 21, at 2]. There is no indication in the record, however, that EEOC has yet done so.

The Court finds that a limited period of discovery is necessary solely on the issue of whether the Defendant has sustained prejudice as a result of the

---

[2] EEOC has filed a privilege log. [Doc. 21-1]. To date the Defendant has not challenged any of EEOC's assertions of privilege.

7

delay. The Court will also require the EEOC to produce any additional non-privileged documents contained within the administrative record which are relevant to the issue of laches.[3]  The Court will not require the production at this time of documents which have been identified as privileged.  That does not mean, however, that such production may never be required.

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1. On or before forty-five (45) days from entry of this Order, the EEOC shall produce to the Defendant any additional non-privileged documents contained within the administrative record which are relevant to the issue of laches.

2. During the forty-five (45) day period following entry of this Order, the parties may engage in limited discovery related solely to the issue of prejudice. Such discovery shall be limited to the following: (a) the deposition of Leah Hamilton and (b) a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).

3. On or before sixty (60) days from entry of this Order, the Defendant shall file a motion for summary judgment based solely on the issue of

---

[3]The Court notes that the relevancy is to the issue of laches, not solely to the issue of prejudice.

laches, if it intends to continue to assert it is entitled to such. If it files such motion, the EEOC may file a response thereto within fifteen (15) days of its filing.

4. A Pre-Trial Order and Case Management Plan will be entered, if necessary, at such time as a ruling on the motion for summary judgment has been made.

Signed: August 22, 2011

Martin Reidinger
United States District Judge