# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:09-cv-000311-MR-DLH

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>PROPAK LOGISTICS, INC., )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Motion of Plaintiff Equal Employment Opportunity Commission to Modify the Record [Doc. 61]. The Defendant opposes the Plaintiff's motion. [Doc. 63].

## I.     PROCEDURAL BACKGROUND

The Plaintiff initiated this action on August 12, 2009, alleging that the Defendant violated Title VII of the Civil Rights Act of 1964 by giving hiring preference to Hispanic individuals for non-management positions. [Doc. 1]. Following the denial of the Defendant's motion to dismiss [Doc. 16], the Court ordered the Plaintiff to "file the administrative and/or investigatory

record with the Court or [explain] why the same may not be so filed." [Doc. 19 at 2].

In response to the Court's Order, the Plaintiff submitted a Response explaining that it could not file the entire administrative file because the file was comprised of 30 volumes and that disclosure would be too cumbersome and burdensome. With this Response, the Plaintiff offered a privilege log describing all documents within the administrative file for which the Plaintiff claimed a privilege; a written summary containing a chronology of the Plaintiff's activity in investigating the matter; and over 500 pages of non-privileged documents offered to the Court for *in camera* review. The Plaintiff invited the Court to review these 500 pages "to determine whether additional documents are needed by the Court." [Doc. 21 at 2]. For reasons that were not explained then or since, the Plaintiff did not file in the electronic record of the case this 500 page excerpt from the administrative record, although apparently these documents were served on the Defendant's counsel as well.

Subsequently, the Defendant filed a motion for summary judgment [Doc. 27], which the Plaintiff opposed [Doc. 29]. Upon realizing that the excerpts of the administrative record had not been filed, the Court directed the Clerk to file those portions of the administrative record that had been

submitted to the Court for in camera review to which the parties had cited in their briefs. [See Text-Only Order of Aug. 3, 2012; Docs. 32-40]. The Plaintiff did not request that any other documents be filed in the record at that time.

On August 7, 2012, the Court entered an Order granting summary judgment in favor of the Defendant on the basis of laches. [Doc. 41]. On August 28, 2012, the Defendant filed a motion for an award of attorney's fees. [Doc. 46]. On September 14, 2012, the Plaintiff filed its opposition to the Defendant's motion. [Doc. 49]. Again, however, the Plaintiff did not request the inclusion of any other parts of the administrative record to support its opposition, nor did it cite to any other documents which had not been filed.

On March 27, 2013, the Court entered an Order imposing attorney's fees on the Plaintiff. [Doc. 57]. The Plaintiff appealed the Court's award of attorney's fees to the Fourth Circuit Court of Appeals [Doc. 58], and that appeal is currently pending.

The Plaintiff now seeks to have four documents from the administrative file added to the record so that such documents may be considered on appellate review. [Doc. 62]. The Defendant opposes the Plaintiff's request to modify the record. [Doc. 63].

## II. STANDARD OF REVIEW

Rule 10(e) of the Federal Rules of Appellate Procedure provides as follows:

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
> (A) on stipulation of the parties;
>
> (B) by the district court before or after the record has been forwarded; or
>
> (C) by the court of appeals.

Fed. R. App. P. 10(e)(1)-(2); see also 4th Cir. Local Rule 10(d) (providing that "[d]isputes concerning the accuracy or composition of the record on appeal should be resolved in the trial court in the first instance . . . . It is unnecessary to seek permission of the Court of Appeals to supplement the record and the record may be supplemented by the parties by stipulation or by order of the district court at any time during the appellate process.").

## III. DISCUSSION

In this case, the Plaintiff was ordered to file the administrative record with the Court or to explain why it could not file the same. The Plaintiff responded to the Court's Order by filing the entire administrative record would be too burdensome. Then, without any solicitation from the Court, the Plaintiff submitted selected portions of the administrative file to the Court for an *in camera* review but failed to file those selected portions. The Court subsequently added to the public record in this case those specific documents from the administrative to which the parties cited and upon which the Court relied in granting summary judgment.

The Plaintiff asserts that the documents it seeks to add to the record were included in the 500 documents submitted to the Court *in camera*. Beyond the certification of Plaintiff's counsel of that fact, however, there is nothing in the record to indicate what documents were submitted. This is notwithstanding the fact that the Plaintiff's failure to file these documents was contrary to the Court's prior order. Thus, the Court has no way of verifying whether these documents were part of what was submitted.

More importantly, while the Plaintiff contends that such documents are necessary to its appeal on the Order awarding attorney's fees, at no time during the proceedings before this Court did the Plaintiff file the

documents or even request that such documents be included in the record. Indeed, these documents were never cited by the Plaintiff or the Defendant, nor were they referenced by the Court in either the Order granting summary judgment or the Order granting the award of attorney's fees.

For these reasons, the Court concludes that the subject documents were never part of the record in this case and therefore that they are not material and should not be included in the record on appeal.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Modify the Record [Doc. 61] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 7, 2013

Martin Reidinger
United States District Judge